Filed 9/24/24  P. v. Waggoner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083315 |
| v. | (Super.Ct.No. FSB20001532) |
| DANIELLE LATRICE RUSSELL WAGGONER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Danielle Latrice Russell Waggoner, in pro. per.; Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 2022, to resolve a murder charge for stabbing her husband, Curtis Waggoner, to death in May 2020, defendant and appellant Danielle Latrice Russell

1

Waggoner agreed to plead guilty to voluntary manslaughter. (Pen. Code, § 192, subd. (a).)[1] She admitted a penalty enhancement allegation for personally using a knife (§ 12022, subd. (b)(1)) and pled guilty to three added counts of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). Consistent with the plea agreement, the trial court sentenced defendant to an aggregate term of 15 years in state prison.

In February 2023, defendant filed a form petition in propria persona seeking resentencing under section 1170.95, which, as she acknowledges, had been renumbered as section 1172.6.[2] The prosecutor filed an opposition, the trial court appointed counsel for defendant, and the court subsequently held a hearing to determine if defendant made a prima facie case that the statutory terms for resentencing relief applied to her.

The court found defendant's case was not the type for which the Legislature intended resentencing relief in these circumstances. Citing applicable caselaw, the court explained: "Because this offense and its prosecution occurred after the statutory changes to the definition of murder effective 1-1-2019, the defendant is ineligible for relief under Penal Code section 1172.6."

Defendant appealed, this court appointed counsel, and, after reviewing the record and consulting with Appellate Defenders, Inc., counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel identified for our independent

---

[1] All further statutory references are to the Penal Code.

[2] The misnumbering does not negatively affect our consideration of defendant's appeal of the trial court's denial of her petition, as she worries in her supplemental brief.

review, among other issues she concluded lacked arguable merit, the following:  Did the trial court err in finding *People v. Reyes* (2023) 97 Cal.App.5th 292 precluded an evidentiary hearing on defendant's petition?

Upon notice of her right to file a supplemental brief contesting the trial court's ruling, defendant filed one.  Under *Delgadillo*, when the defendant files a supplemental brief or letter, the Court of Appeal is required to issue a written opinion addressing it. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Defendant in her supplemental brief makes various contentions unrelated to the requirements the Legislature specified for resentencing relief under section 1172.6.  She invokes section 1385, subdivision (c)(2)(b), generally barring the imposition of multiple enhancements.  But that has nothing to do with the resentencing mechanism the Legislature put in place with section 1172.6; in any event, defendant's plea terms included only the single enhancement for personally using a knife.  Defendant apparently views the three assault charges to which she pled guilty as enhancements, but those were additional, substantive counts she conceded she committed, not sentencing enhancements.

Defendant in her brief also seeks to "make a note" for our consideration of mitigating circumstances she references concerning her husband's slaying, but a section 1172.6 petition is not a means to relitigate a defendant's conviction.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 549; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)  We see nothing in the appellate record to warrant our further independent review or

3

party briefing on potential arguable issues for resentencing relief under section 1172.6.

There are none.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

FIELDS

J.